*Joseph Weaver*

*vs*            filed 3ᵈ July 1806

*Robert Smart*

TERRITORY OF MICHIGAN - TO WIT -

KNOW all men by these presents that WE Joseph Weaver, and James Anderson, of the district of Detroit, are held & firmly bound to Robert Smart in the Sum of Sixty four dollars & 22 cents lawfull currency of the United States, to the payment whereof we bind our Selves, our Executors and administrators firmly by these presents Sealed with our Seals, dated the third day of July one thousand eight hundred Six.

The condition of this obligation is Such that Whereas the above bound Joseph Weaver has this day filed a bill of Complaint in chancery against the Said Robert Smart, NOW if the Said Joseph Weaver Shall prosecute his Said Complaint to effect then this obligation to be void otherwise to be & remain in full force & virtue. JOSEPH WEAVER [SEAL]

Sealed & delivered                    JAMES ANDERSON [SEAL]

in the presence of

PETER AUDRAIN

JAMES MᶜCLOSKEY

*[In the handwriting of Peter Audrain]*

162

Smart at the Complaint
of
Weaver

Demurrer

filed 29th Dec^ber 1806

PETER AUDRAIN Clk

[Case 78, Paper 4]

The demurrer of Robert Smart the defendant to the bill of complaint of Joseph Weaver complainant— This defendant by protestation not confessing or acknowledging all or any of the maters or things in and by the said bill set forth and complained of to be true in manner and form as the same are therein and thereby set forth and alledged Saith he is advised by his counsil that there is no matter or thing in the said bill contained good and sufficient in law to call this defendant in question in this honourable court for the same, but that there is good cause of Demurrer thereunto, and therefore this defendant doth demur thereunto and for cause of Demurrer this defendant saith, that the complainants said bill (in case the allegations therein contained were true, which this defendant doth in no sort admit) contains not any matter of equity whereon this court can ground any decree or give the complainant any relief or assistance as against him this defendant —because the said complainant (if relief ought to be had which this defendant doth not admit but deny's) has a plain natural remedy at the Common Law—Wherefore and for diverse other Errors and imperfections appearing in the said bill, this defendant doth demur in Law thereunto; and humbly demands the Judgment of this honourable Court, whether he shall be compelled to put in any further or other answer to the said bill; and humbly prays to be hence dismissed with his reasonable costs in this behalf most wrongfully sustained—                                              E BRUSH counsellor

[In the handwriting of Elijah Brush]

Amendment to the bill
filed in court 16. oct^ber 1807
PETER AUDRAIN Clk

[Case 78, Paper 5]

And the s^d Joseph Weaver your orator, in amendm^t of his afores^d Bill of Complaint by leave of the Court, further complains of the s^d Robert Smart and states, that since filing the afores^d Bill, your orator hath discovered, that the s^d Robert, confederating &c further to oppress your orator, after the rendering the afores^d Judgm^t & prior to taking out his execution ag^t your orator as afores^d towit on or about the 20th of June 1806 did wrongfully tax and cause to be taxed as part of the costs of said suit against your orator, sundry Items of costs which your orator is advised and believes the said Robert was not warranted by law to tax or cause to be taxed as costs of said suit, which s^d Items are as follows Towit four dollars & 33 cents, said to be costs of the court of Common pleas—Three dollars & 50 cts for jury and constable, when by law the said Robert was allowed to tax for the Jury three dollars only, making a sum of four dollars and Eighty three cents wrongfully charged in the said Bill of Costs of $28..71 cents in said Execution mentioned against your orator, and which sum your orator was compelled to pay to and for the use of the said Robert, to gain his discharge and liberty from under said Execution by the s^d Robert as above wrongfully & oppressively sued out against your orator & which sum of four dollars & Eighty three cents your orator prays may by decree of this court be refunded and paid by said Robert to your orator—

And your orator further states, that the s^d Robert combining &c to oppress your orator, by said Execution & to cause your orator to be wrongfully imprisoned under the same and before your orator could obtain his liberty of which he was deprived by the operation of said Execution, your orator was obliged to pay and advance for said Robert and for his use, to the then marshal of the Territory, the sum of six dollars and 14 cents, by him demanded of the said Joseph as fees arising under said Execution, and upon the Execution thereof upon your orator, which said sum your orator is advised & believes, was wrongfully and illegally required and demanded of your orator—Wherefore he prays that the said Robert may be compelled by decree of this court to refund & restore to him the last mentioned sum of money wrongfully demanded & taken from him the s^d Joseph—and your

orator prays that the above may be admitted as part of his said bill and that the said Robert may be held & compelled to answer thereto accordingly.

for Jos Weaver<br>SOL. SIBLEY  Att<sup>y</sup>

[In the handwriting of Solomon Sibley]

The answer of Robert Smart
to the Bill of Complaint of
Joseph Weaver

filed in court 22<sup>d</sup> Sept<sup>ber</sup> 1808
PETER AUDRAIN    Clk

[Case 78, Paper 6]

TERRITORY OF MICHIGAN TOWIT—SITTING IN CHANCERY OF THE SUPREME COURT OF THE TERRITORY OF THE TERM OF SEPTEMBER IN THE YEAR OF OUR LORD 1808—

The answer of Robert Smart defendant to the Bill of Complaint of Joseph Weaver Complainant—The said Robert Smart saveing and reserving to himselfe now and at all times hereafter all and all manner of benefit and advantage of exceptions to the manifold incertainties and imperfections in the complainants said Bill of Complaint contained for answer thereto or so much thereof as materially concerns this defendant to make answer unto he answereth and saith—first that in the said Bill of Complaint there is generally a very great diminution of the truth—Joseph Weaver the Complainant in the summer and fall of 1804 purchased of this defendant three Barrels of Whiskey, at the time of the sale and delivery of these three said Barrels of Whiskey which happened in the succession of some one month or months from each other no absolute price was agreed upon by the parties, but it was absolutely agreed upon that the said Joseph should give the same price that a certain M<sup>r</sup> John Bently (then living in Detroit and in the habits of purchaseing whiskey from this defendant) gave  his price was to regulate the price that the said Joseph should give during the time of the sale and delivery of the two first Barrels to the said Joseph  the said John Bently had given but one dollar per gallon and no more or further sum was charged the said Joseph by this defendant for those two said Barrels but before the sale and delivery of the third Barrel the price had been raised to the said John Bently to one dollar twenty five Cents per gallon of which the said Joseph before the payment thereof or of any part thereof had notice and refused to

pay that sum alledging that he would pay but one dollar per gallon whereup this defendant commenced his said action thereof against the said Joseph as he in his bill hath set forth and laid his damages high enough to imbrace the value of the whole of the three said Barrels of Whiskey as no final settlement for any part thereof had ever taken place between this defendant and the complainant the issues of this cause was made up on the plea of payment to all the plaintiffs demand except Eight dollars and fifty cents and as to this a tender was pleaded upon the trial of these issues which did take place in May Term 1806 in the said District Court for the District of Huron & Detroit as the complainant in his said Bill of Complaint hath set forth the said Robert Smart did prove the agreement respecting the price of the said whisky exactly and positively as stated in this his answer and thereupon the said Joseph did introduce a certain number of the receipts of the said Robert (being all that its presumed he had) to show his payment as he had pleaded it and whether he proceeded to prove the tender of the Eight dollars fifty cents or not this defendant does not now recollect but after the said Joseph had gone through with the evidence of all his payments there did appear a Ballance due the said Robert of the aforesaid sum of forty one dollars 12½ cents as is set forth in the plaintiffs said Bill of Complaint and the Jurors who tried the said cause did find for the said Robert to recover of the said Joseph the aforesaid sum of $41.12½ as a Ballance of accounts &c together with his costs by him about his suit in that behalf expended which said costs were taxed by the clerk of the said Court at twenty eight dollars seventy one cents½, towit for the Clerks fees in the ancient Common pleas from whence the said cause was removed by consent 320½ cents his fees in the District Court 843¾ cents the attornies fees ten dollars and the marshals fees, 356¼ cents and the Jurors fees 300 cents making in all the aforesaid sum of 28 dollars 71½ cents. And the said Robert doth further charge and admit that after the judgment aforesaid in form aforesaid rendered he did consent and agree with the said Joseph that on his paying to his said Lawyer the said Elijah Brush who conducted the said suit for the said Robert the sum of twelve dollars he would allow him the said Joseph the said sum of twenty two dollars seventy five cents on the said judgment which the said Joseph represented to him had not been allowed him (but of which the said Robert is not certain) and to which the said Joseph did consent and agree and further that the same should in all things be fully and completely settled before the departure of the said Elijah Brush for the State of Ohio whither he was then about to go and upon this agreement the said Joseph did provide to make the payments to the said E Brush as stated in his said bill of complaint towit in all the sum of 41 doll^s 97 Cts part and parcel of which (as the said Robert is informed) was expressly paid on account of the said sum of twelve dollars agreed to be paid by the said Joseph to the said E Brush as

his fee for conducting the said suit for the said Robert as aforesaid leaving due on the Capias ad Satisfaciendum that followed after the sum of seventeen dollars and eleven cents or thereabouts, and the said Robert doth further charge that the said Joseph having neglected and omitted to complete the settlement of the judgment and costs aforesaid before the departure of the said E Brush as aforesaid his att$^y$ as aforesaid he did cause to be issued the said writ of Capias ad Satisfaciendum as aforesaid as he well might do—and the said Robert doth deny all and all manner of unlawful combinations and confederacies whatever—                    ROBERT SMART

[In the handwriting of Elijah Brush]

And the said Robert saith that after the issuing of the said writ of *capias ad satisfaciendum* and whatever else there is in the complainants said Bill of Complaint that followed thereafter and not herein above answered particularly as to the said Roberts objecting and refusing to have the said sum of 41 dollars 97 cents rec$^d$ by the said E Brush his Att$^y$ as aforesaid being indorsed on said writ of capias ad satisfaciendum the same is wholly and altogether insufficient in law for him to make answer unto or to call this defendant in question in this Honourable Court and therefore this defendant doth demur in law thereunto. And for causes of demurrer he saith that this last charge contains no matter of substance or equity whereon this court can ground any decree or give the complainant any relief or assistance as against him this defendant, and for causes of demurrer in this particular the defendant saith that in case the obligation in the said last charge contained are true (which this defendant doth not admit) Yet nevertheless there is not therein any matter of equity whereon this court can grant any decree or give this complainant any relief or assistance as against him this defendant Because the said Robert saith that he could not controvert the payments made to the said E Brush his Attorney (if any such payments were made as in the complainants said Bill of Complaint are charged) and the Marshall of the Territory ought to have Notice'd them at his perril (if legally presented) and as a matter of course— Secondly because admitting that there was but only five dollars and eleven cents due on said Execution (which the said Robert denies) yet the nevertheless the Marshall was not authorized to receive this or any other sum whatever on the writ of *Capias ad satisfaciendum* And thirdly Because if relief ought to be had (which this defendant doth not admit but deny) yet nevertheless the complainant hath a plain natural remedy at the Common Law—Wherefore and for diverse other imperfections and insufficiencies appearing in the said last charge of the complainants said Bill of Complaint this defendant doth demur thereto in Law and Humbly demands the Judgment of this Honourable Court thereon, and on the answer of the said Robert above hereof given, and whether he shall be

compelled to put in any further or other answer to the said Bill or any part thereof and humbly prays to be hence dismissed with his reasonable costs in this behalf most wrongfully sustained—        E Brush Council for the
                                                                    Defendant—

[In the handwriting of Elijah Brush]

Territory of Michigan

District of Huron & Detroit towit—

Personally came and appeared before me one of the Justices of the peace in said District the within named Robert Smart who made oath on the holy evangalest of Almighty God that the facts contained in this his answer to the Bill of Complaint of Joseph Weaver (so far as stated from his own knowledge) are true (and so far as stated from the knowledge derived from others) he believes to be true—                                    Robert Smart

Sworn and subscribed before me
at Detroit this 21st day of
September 1808—
        Geo. McDougall
            J P D D

[In the handwriting of Elijah Brush]

Demurrer by Joseph Weaver
to the answer of Robert Smart

Also a joinder in demurrer
by sd Joseph to Demurrer of
sd Robert

filed in court 27 Septber 1808.
        Peter Audrain clk

[Case 78, Paper 7]

And the said Joseph, by protestation, neither admitting or acknowledging, the several matters or things set forth in the answer of the said Robert to be true, and reserving to himself now and at all times here after all manner of advantages and exceptions to the many untruths and errors contained in sd Answer does demur thereto, and for causes of demurrer to said Answer, saith that the said answer and the matter therein contained and set forth are wholly insufficient, in as much as the same is evasive, the said Robert therein and thereby, not admitting or denying the facts set forth and stated

in the Bill of the said Joseph, as in and by his said answer he ought to do, wherefore the said Joseph prays that said answer may be set aside and over ruled, and that the said Robert may be compelled to make further and sufficient answer to the Bill of the s<sup>d</sup> Joseph or so much thereof as the said Robert hath above insufficiently answered—and his costs—

And the said Joseph saith, that by reason of anything contained in the Demurrer of the said Robert to the facts set forth in the said Josephs Bill, and to which facts the s<sup>d</sup> Robert hath refused to make answer, he the said Robert ought not to be excused making answer to the same— Because the s<sup>d</sup> Joseph saith that the reasons assigned by the s<sup>d</sup> Robert in and by his said Demurrer, are wholly insufficient  Wherefore the said Joseph prays the judgment of this court thereon, and that the said Robert may be compelled to make answer &c  

SOL SIBLEY  Aty<br/>for Comp<sup>t</sup>

[In the handwriting of Solomon Sibley]

N° 12<br/>
filed in court 5 october 1808<br/>
PETER AUDRAIN clk

[Case 78, Paper 8]

And the said Robert Smart further in answer to the Bill of complaint of the said Joseph Weaver Complainant saith and admits that true it is that after the departure of the said E Brush his said Attorney for the State of Ohio aforesaid stated in the complainants said Bill of Complaint (the judgment aforesaid not having been paid or satisfied or any part thereof to the knowledge of this defendant) he did sue and prosecute upon the said judgement to compel the payment thereof his said writ of *capias ad satisfaciendum* as he well might do upon which said writ of *ca sa* the said Joseph Weaver was afterwards taken into Custody of the Marshall and by him detained untill he should satisfy and pay the condemnation of the court together with the said Roberts cost by him &c  And the said Robert doth deny that after the said Joseph had been taken into the custody of the Marshall as aforesaid and was by him detained as aforesaid on the *ca sa* aforesaid any legal evidence was offered unto him the said Robert by the said Joseph of the payment to his said Att<sup>y</sup> E Brush as aforesaid of the condemnation of the said Court of the District of Huron & Detroit as aforesaid together with his Costs &c without that that any payment whatever was made to his said Att<sup>y</sup> E

Brush in manner and form as the said Joseph in his said Bill of Complaint hath above thereof complained against him the said Robert

Wherefore and for diverse other insufficiencies and imperfections appearing in the said last Charge of the complainants said Bill of Complaint this defendant humbly prays to be hence dismissed from this honourable court with his costs in this behalf most wrongfully sustained—

ROBERT SMART

TERRITORY OF MICHIGAN ss

Robert Smart maketh oath and saith that the answer above stated to a part of the complainants bill of complaint is in all things (as he this deponant believes and is informed) true and just— Sworn and subscribed to before me at my chambers in Detroit this 7th of October 1808

GEO MᶜDOUGALL
J.P.D D.

ROBERT SMART

[In the handwriting of Elijah Brush]

Nᵒ 12

J. Weavers replication
to R. Smarts answʳ

filed in court 7. octᵇᵉʳ 1808
PETER AUDRAIN clk

Sol. Sibley

[Case 78, Paper 9]

And the said Joseph Weaver, reserving to himself all and every advantage, to be had & taken to the many mistatements, untruths & errors, contained in the Answer of the said Robert, in reply to the said Roberts answer, wholly denies all and singular the matters and things set forth in sᵈ Answer other or variant from the facts set forth in the Bill of Complaint of the sᵈ Joseph, which sᵈ facts and matters set forth by the said Joseph, the said Joseph avers to be true and correct in substance as in sᵈ Bill is set forth, and which sᵈ Bill and answer the said Joseph submits to the Court and prays a Decree in his favor thereon &c

by SOL SIBLEY Aty

[In the handwriting of Solomon Sibley]

TERRITORY OF MICHIGAN, TO WIT—

THE UNITED STATES *of America to George McDougall chief judge, and James Abbott & Jacob Visger, associate judges of the court of the district of Huron & Detroit.*

Because in the record and process, and also in the giving of Judgment of the plaint which was in our district court, at Detroit, before you by our writ betwen Joseph Campeau, and John Williams, both of Detroit, in the district of Detroit, merchants, of a certain debt of two hundred fifteen pounds, two Shillings and one penny, new york Currency, equal to five hundred thirty Seven dollars and Seventy Six Cents, money of the United States, which the Said Joseph demands of the Said John, manifest error hath intervened to the great damage of the Said Joseph, as we from his complaint are informed: We being willing that the error, if any there be, Should be corrected in due manner, and that full and Speedy justice Should be done to the parties aforesaid in this behalf, do command you that if judgment thereof be given, then under your Seal you do distinctly and openly Send the record and process of the plaint aforesaid, with all things concerning them, and this writ, So that we may have them before our Supreme Court during the term of the present month of September; that the record and process aforesaid being inspected, we may cause to be done there upon for correcting that error, what of right, and according to law ought to be done. WITNESS Augustus B. Woodward chief judge of our Said Supreme Court, at Detroit the eighteenth day of September one thousand eight hundred Seven.

PETER AUDRAIN, clerk

[Indorsement]

I allow this writ, let it be Sealed; let Security be given for one hundred dollars.

Elijah Brush will be a good Security
Detroit the 18th September 1807.          A. B. WOODWARD

[Indorsement]

In obedience to the within writ we do Send before the Supreme Court of the territory of Michigan, under our Seal, distinctly & openly the record & process of the plaint aforesaid with all things concerning them, and this writ. IN TESTIMONY whereof we have hereunto Signed our names and affixed our Seals, at Detroit the nineteenth day of September one thousand eight hundred Seven.          GEO. MCDOUGALL